[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 14, 2001 the City of New Haven (New Haven) on behalf of the New Haven Board of Education (Board) filed its Statement of Compensation in the amount of $50,000 for the property at 18 Asylum Street, New Haven, owned by Arlease Edwards (Edwards). On February 5, 2002 the deposit of $50,000 was made to the owner who appealed for review of the statement of compensation dated December 27, 2001, asserting that it was inadequate under Connecticut General Statutes § 8-132.
The court heard the testimony of two real estate appraisers: Diana Nytko (Nytko) for the appellant Edwards and one Charles M. Wisnioski (Wisnioski) for the Board.
Both appraisers agree that the highest and best use of the property is a two-family residence.
Nytko made an original report appraisal dated July 24, 2001 in the amount of $67,000. (See Exhibit 3A). Nytko made an update of the original report dated March 13, 2002 in the amount of $75,000. (See Exhibit 3B). Wisnioski made his report dated April 5, 2001 ascribing a fair market value of $50,000. (See Exhibit A).
Nytko used three approaches to value: The cost approach because of the age of the building was limited and opined the value at $70,000.
The approach most heavily relied upon by Nytko was the direct sales comparison approach. She used three sales of similarly used properties and made adjustments to the subject. She placed most weight on sale #2 in her report (Exhibit 3A), that sold for $65,000 on May 4, 2001. With adjustment the subject value was $66,900. Nytko opined that there was a minimal time adjustment between December, 2000 and July, 2001. In the Nytko analysis (Exhibit 3B) she asserts that in two recent comparable sales that sales prices increased by 1.4% per month in New Haven and accordingly her updated evaluation was increased to $75,000.
Nytko in her report stated more recent sales would support her original evaluation of $69,000 in July of 2001.
On cross examination Nytko admitted that she did not know if the fireplaces were working in the subject property and that there were no fireplaces in her updated appraisal.
Wisnioski did not do an update of the property evaluation on March 27, 2001. His appraisal was originally done for acquisition purpose. He did not recall fireplaces and just saw two mantels. Wisnioski chose the #1 sale in his report because it was in the same neighborhood with similar CT Page 10217 footage, 3100 square feet. Wisnioski did not make any adjustments because he did not think they were necessary. Essentially he chose his copparables because they were in the same area. Wisnioski considered the trends in real estate values and updated for trends to $52,000. Wisnioski did not update his comparables to date.
 "Under our law, a state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. . . . Thus there is effective legislative sanction for the authority of the referee independently to determine a value for condemned property which is less than that . . . agreed on between the condemnee and the taking authority." (Internal quotation marks omitted.) Mincucci v. Commissioner of Transportation, 211 Conn. 382, 388 (1989).
"[A] trial court may seek aid in the testimony of experts, but must ultimately make its own independent determination of fair compensation . . . on the basis of all the circumstances bearing upon value." (Citations omitted; internal quotation marks omitted.) Robinson v. Westport,222 Conn. 402, 412 (1992)
After the conclusion of the evidence in this case the court viewed the premises. This court has considered the relevant evidence in this case and finds that the fair market value of the property to be $65,000.
Accordingly, the court increases the assessment of damages in the amount of $15,000 above that of the deposit for the taking.
Interest in the amount of 8% is awarded to the defendant, Edwards from December 14, 2001 to the date of this judgment.
Appraisal fees in the amount of $1,000.
 ______________________________ Frank S. Meadow, J.T.R.
CT Page 10218